# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Eldred Maliek Joe, | ) |
|     Plaintiff, | ) **COMPLAINT** |
| vs. | ) C/A No: |
| Marlboro County Sheriff's Office and Morgan Eldridge Ridges, | ) |
|     Defendants | ) |

Plaintiff Eldred Maliek Joe, by and through his undersigned counsel of record, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Morgan Eldridge Ridges, as well as a Tort Claims Act action pursuant to S.C. Code Ann. §§15-78-10, *et seq.*, for gross negligence against Marlboro County Sheriff's Office, for injuries suffered on May 3, 2023.

## PARTIES

1. Plaintiff Eldred Maliek Joe (hereinafter "Plaintiff") was homeless in South Carolina at the time of the incident described in this complaint, but currently resides in Lake County, Florida.

2. At all times relevant to this complaint, Defendant Marlboro County Sheriff's Office (hereinafter "Defendant MCSO") has been a governmental entity established under the laws and constitution of the State of South Carolina, transacting and conducting business in South Carolina, and with a principal place of business in Bennettsville, South Carolina. At all times relevant to this complaint, Defendant MCSO was responsible for the operation and management of the Marlboro County Detention Center.

3.  Upon information and belief, Defendant Morgan Eldridge Ridges (hereinafter "Defendant Ridges") is a citizen of South Carolina and resides in Marlboro County, South Carolina, and was employed as a detention officer at the Marlboro County Detention Center and was acting under color of state law at all times relevant to this complaint. He is being sued in his individual capacity.

4.  Plaintiff is not currently in custody, and, thus, has no administrative remedies.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the federal claims against Defendant Ridges pursuant to 28 U.S.C. § 1331 because those claims arise under federal law, 42 U.S.C. § 1983.

6.  This Court has supplemental jurisdiction over the state claims against Defendant MCSO pursuant to 28 U.S.C. § 1367 because those claims arise under the same facts as those over which the Court has original jurisdiction as described in the preceding paragraph.

7.  The Court further has personal jurisdiction over all Defendants as they reside in this District and their acts and/or omissions complained of occurred within this District.

8.  Venue is proper in the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1391(b)(1) & (2), as most of the Defendants reside in this District and the acts or omissions complained of occurred within this District.

## FACTUAL ALLEGATIONS

9.  At all times relevant to this complaint, Plaintiff suffered from bipolar disorder and schizophrenia for which he was not receiving treatment or taking medication.

10. On May 3, 2023, officers with Bennettsville Police Department were dispatched to a call regarding reports of a suspicious male attempting to pull up bushes from various businesses.

11. After officers made contact with Plaintiff, he attempted to flee multiple times before being arrested and charged with disorderly conduct. Plaintiff's disorderly conduct charge was ultimately dismissed on January 3, 2024.

12. After arresting Plaintiff, officers took him to the Marlboro County Detention Center for booking.

13. Upon information and belief, when officers arrived at the Marlboro County Detention Center with Plaintiff, they began routine booking procedures.

14. Upon information and belief, Plaintiff became uncooperative with detention staff, which resulted in detention staff placing Plaintiff on his stomach.

15. Upon information and belief, the Bennettsville Police officers assisted detention staff with controlling Plaintiff while they checked his pockets and removed property from his person.

16. Plaintiff was then placed in a holding cell and the Bennettsville Police officers left to return to normal patrol duties.

17. Sometime after the Bennettsville officers left, Defendant Ridges began brutalizing Plaintiff.

18. Defendant Ridges first used his right foot to pin Plaintiff's head to the floor before lifting his left foot off the floor, which resulted in him standing on Plaintiff's head.

19. Defendant Ridges additionally stomped and struck Plaintiff in the head with his right foot, causing Plaintiff's head to strike the floor.

20. Defendant Ridges then attempted to put a "spit mask" on Plaintiff's face but Plaintiff's head kept moving.

21. Defendant Ridges responded by striking Plaintiff in the face with a closed fist.

22. Upon information and belief, on May 4, 2023, two Bennettsville Police offices were assigned to transport Plaintiff to McLeod Health in Dillon for a mental health evaluation.

23. When officers arrived at Plaintiff's cell, he was laying in the fetal position while rocking back and forth and yelling "Lord help me."

24. Officers noticed the floor tiles of the cell had been pulled up, broken, and scattered across the floor.

25. Plaintiff was transported to McLeod Health.

26. Plaintiff was admitted to McLeod Health and doctors advised the officers that Plaintiff's handcuffs and leg restraints would need to be removed.

27. When officers removed the handcuffs, they noticed Plaintiff had abrasions on both wrists where it appeared Plaintiff's handcuffs were tightly fastened for a long period of time.

28. Medical staff at McLeod Health also noticed that Plaintiff's hands were swollen as a result of the tightly fastened handcuffs.

29. Plaintiff was observed to have constriction marks to both wrists, bilateral arm and hand swelling, and small open wounds and drainage on his right wrist.

30. Plaintiff's wrist wounds required antibiotic treatment and surgical intervention, which included debridement of necrotic tissue.

31. Plaintiff thereafter underwent complex closure of his traumatic wrist wounds, to include skin, subcutaneous tissue, and muscle fascia.

32. Plaintiff ultimately required twelve days of hospitalization to treat his wounds, as well as additional follow-up treatment when he returned to Florida.

**FOR A FIRST CAUSE OF ACTION**
**(Excessive Use of Force in Violation**
**of the Fourteenth Amendments)**
**(*against Defendant Ridges*)**

33. Plaintiff repeats and realleges the factual allegations contained in Paragraphs 1-32 as if fully restated herein.

34. This action is brought against Defendant Ridges, in his individual capacity, pursuant to the Fourteenth Amendment to the United States Constitution, for Defendant's violations of 42 U.S.C. § 1983.

35. At all times material hereto, Defendant Ridges was an employee and/or agent of Defendant MCSO and acting within the course and scope of his employment, under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant MCSO.

36. As set forth in this complaint, upon information and belief, on May 3, 2023, Defendant Ridges brutally assaulted Plaintiff, which included standing on Plaintiff's head, stomping his head against the ground, and hitting him with a closed fist.

37. Additionally, upon information and belief, Defendant Ridges left Plaintiff in handcuffs tightly fastened to the point of causing injury for at least twelve hours.

38. By the time of this incident, the laws prohibiting Defendant Ridges's unconstitutional use(s) of force was clearly established under the Fourteenth Amendment of the United States Constitution.

39. Defendant Ridges knew or should have known, and every reasonable detention officer in his position would have concluded, that the force used against Plaintiff was excessive, unjustifiable, and unlawful.

40. Defendant Ridges had actual knowledge that his use of force against Plaintiff was in violation of policy.

41. In his capacity as a detention officer, and upon information and belief, Defendant Ridges had a history of abusing his authority and using excessive force against detainees at Marlboro County Detention Center, depriving detainees of their bodily integrity.

42. Upon information and belief, Defendant Ridges had not been trained in Crisis Intervention Training, the proper use of force, and/or de-escalation techniques, or in the event of such training, disregarded the training, and failed to apply these principles in using force against Plaintiff.

43. At the time of his assault by Defendant Ridges, Plaintiff was an unarmed detainee who was confined in handcuffs. Despite his knowledge that Plaintiff was unarmed and handcuffed, Defendant Ridges nevertheless brutally assaulted Plaintiff.

44. Upon information and belief, throughout the entire incident, Defendant Ridges did not attempt to use a single de-escalation technique.

45. Defendant Ridges's conduct was objectively and subjectively unreasonable.

46. Defendant Ridges's deliberate indifference was the cause in fact and proximate cause of Plaintiff's injuries.

47. As a direct and proximate result of Defendant Ridges's acts, omissions, and clear use(s) of excessive force, Defendant Ridges deprived Plaintiff of the rights guaranteed to him by the Fourteenth Amendment of the United States Constitution, in particular, depriving him of the right to be free of excessive force and of bodily integrity.

48. Defendant Ridges is liable to Plaintiff for his injuries, pain, and suffering.

**FOR A SECOND CAUSE OF ACTION**
**(Deliberate Indifference to Serious Medical Needs**
**in Violation of the Fourteenth Amendment)**
**(*against Defendant Ridges*)**

49.    Plaintiff repeats and realleges the factual allegations contained in Paragraphs 1-32 as if fully restated herein.

50.    Defendant Ridges had an affirmative duty to provide Plaintiff with adequate medical care for serious medical needs during his confinement.

51.    The facts as stated in the above-referenced paragraphs demonstrate a deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment.

52.    The conduct of Defendant Ridges, acting under color of state law, in failing to provide Plaintiff access to adequate medical care for serious medical needs was unreasonable, was done intentionally, willfully, maliciously, and with deliberate indifference and/or reckless disregard for Plaintiff's basic human needs, and caused needless injury and suffering.

53.    Defendant Ridges's conduct was objectively and subjectively unreasonable.

54.    Defendant Ridges's deliberate indifference was the cause in fact and proximate cause of Plaintiff's injuries.

55.    Defendant Ridges's deliberate indifference to Plaintiff's serious medical needs constitutes a violation of Plaintiff's substantive due process rights guaranteed under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

56.    Defendant Ridges's is liable to Plaintiff for this deprivation of rights.

## FOR A THIRD CAUSE OF ACTION
### (Gross negligence)
### (*against Defendant MCSO*)

57.    Plaintiff repeats and realleges the factual allegations contained in Paragraphs 1-32 as if fully restated herein.

58.    This is an action for gross negligence brought against Defendant MCSO under the laws of the State of South Carolina.

59. This cause of action is brought pursuant to the South Carolina Tort Claims Act, S.C. Code §§15-78-10, *et seq*.

60. At all times relevant to this complaint, Defendant Ridges and other detention staff at Marlboro County Detention Center were employees and/or agents of Defendant MCSO, which manages and operates the Marlboro County Detention Center, and were acting within the course and scope of their employment, in furtherance of the interests of Defendant MCSO, and with Defendant MCSO's knowledge and consent.

61. Defendant MCSO is liable for the actions and omissions of its employees and/or agents that gave rise to this action, including the actions of Defendant Ridges.

62. Defendant MCSO, by and through its employees and agents, owed a duty to Plaintiff, including the special duty to him while in their custody to act in a prudent and reasonable manner with regard to his health and safety in the following particulars, to wit:

   a. to properly screen and accommodate detainees with mental health diagnoses and/or who are suffering mental health crises;

   b. to confine detainees in accordance with guidelines to ensure their safety and security;

   c. to prevent attacks on detainees by detention staff;

   d. to intervene in attacks on detainees by detention staff;

   e. to enforce its own polices with respect to the detention of persons suffering from mental health issues, leaving detainees in handcuffs for extended periods of time, and housing detainees in a manner that promotes their health and safety; and

   f. to ensure that detainees receive prompt and adequate medical care for serious medical concerns.

63. Defendant MCSO also owed ministerial duties in the following particulars, to wit:

   a. to provide responsible and effective operations of the Marlboro County Detention Center;

   b. to establish proper policies, customs, and regulations of the Marlboro County Detention Center;

   c. to supervise its detention staff;

   d. to properly train and retrain staid staff;

   e. to discipline said staff and only retrain those persons fit for duty; and

   f. to properly correct and remediate any known deficiencies within its staff or within the Marlboro County Detention Center.

64. Upon information and belief, Defendant MCSO violated its non-discretionary and non-delegable duties by failing to adequately supervise its detention staff, including Defendant Ridges; failing to train its detention staff regarding the use of force; failing to establish proper policies regarding the use of force, de-escalation, and mental health and/or failing to enforce such policies among its detention staff; failing to correct or remediate deficient detention staff conduct; failing to ensure that detainees are not left handcuffed in their cells for extended periods of time; and failing to ensure that detainees receive prompt and adequate health care for serious medical issues.

65. As such, Defendant MCSO breached its duties, including ministerial duties, owed to Plaintiff.

66. Defendant MCSO knew or should have known of the dangers posed by its failures illustrated in this complaint, and that said actions and inactions were reckless and/or constituted

9

the total absence of care likely to result in violations of a citizen's rights, and as such were reasonably foreseeable.

67.     Defendant MCSO, by and through its duly authorized employees, owed a duty to Plaintiff to be reasonable in the management and conduct of the Marlboro County Detention Center, and to ensure that its employees were not subjecting detainees to excessive and unlawful force.

68.     Defendant MCSO, by and through Defendant Ridges, breached duties owed to Plaintiff by brutally assaulting Plaintiff, by leaving Plaintiff in tightly fastened handcuffs for at least twelve hours, and by failing to provide Plaintiff with prompt and adequate medical care for his serious injuries.

69.     Each act or omission detailed in this matter constitutes a separate occurrence.

70.     Defendant MCSO's actions and omissions, by and through its authorized agents, were unreasonable, constituted the total absence of care, and breached duties owed to Plaintiff and actually and proximately contributed to and/or caused the severe injuries sustained by Plaintiff.

71.     Plaintiff is entitled to Judgment against Defendant MCSO for damages as to be determined by the triers of fact in this case.

## JURY DEMAND

**WHEREFORE**, Plaintiff demands a trial by jury and respectfully requests that this Court award the following damages, jointly and severally against Defendants, as provided by South Carolina law and the United States Constitution, including but not limited to the following:

    a. Compensatory, actual, and consequential damages to Plaintiff;

    b. Costs of this action and attorneys' fees to Plaintiff for the civil rights causes of action under 42 U.S.C. § 1988;

    c. Punitive damages; and

    d. Such other and further relief as this Court may deem appropriate.

Respectfully submitted, this 12th day of March, 2024.

                                    **STROM LAW FIRM, LLC**

                                    *s/ Bakari T. Sellers*
Bakari T. Sellers (SC Fed. ID # 11099)
Mario A. Pacella (SC Fed. ID # 7538)
Amy E. Willbanks (SC Fed. ID # 13537)
Alexandra Benevento (SC Fed. ID # 10734)
Matthew B. Robins (SC Fed. ID # 13313)
6923 N. Trenholm Road, Suite 200
Columbia, South Carolina 29206
Phone: (803) 252-4800
Email: bsellers@stromlaw.com
        mpacella@stromlaw.com
        awillbanks@stromlaw.com
        abenevento@stromlaw.com
        mrobins@stromlaw.com

*Attorneys for Plaintiff*